MEMORANDUM **
Francisco Faustino Renoj Saquic, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny in part and dismiss in part the petition for review.
The record does not compel the conclusion that Saquic established extraordinary circumstances to excuse his late filed asylum application. See 8 C.F.R. § 1208.4(a)(5); see also Husyev v. Mukasey, 528 F.3d 1172, 1181 (9th Cir.2008). Accordingly, Saquic’s asylum claim fails.
Even if Saquic suffered past persecution, the record does not compel reversal of the agency’s conclusion that Saquic failed to establish a clear probability of future persecution because of changed country conditions in Guatemala. See Gui v. INS, 280 F.3d 1217, 1230 (9th Cir.2002). Accordingly, Saquic’s withholding of removal claim fails. See id.
Substantial evidence supports the BIA’s denial of CAT relief because Saquic failed to establish it is more likely than not that he will be tortured if he returns to Guatemala. See El Himri v. Ashcroft, 378 F.3d 932, 938 (9th Cir.2004).
We lack jurisdiction to review Saquic’s contention that he qualifies for humanitarian asylum because he failed to exhaust this claim before the agency. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provid *522 ed by 9th Cir. R. 36-3.